

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 07 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>WAYNE HAWKINS,<br>TIMOTHY HAWKINS, AND<br>THOMAS HAWKINS | Criminal Indictment<br><br>No. **3:26CR003** |

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### (Conspiracy-18 U.S.C. § 371)

1. Beginning on a date unknown to the Grand Jury, but from at least in or about 2017, and continuing through on or about April 14, 2021, in the Northern District of Georgia and elsewhere, the defendants, WAYNE HAWKINS, TIMOTHY HAWKINS, and THOMAS HAWKINS, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with one another, and with others known and unknown to the Grand Jury, to commit offenses against the United States, including the following:

   a. To willfully engage in the business of dealing in firearms, specifically firearm silencers, without being licensed as a federal firearms dealer and manufacturer, in violation of Title 18, United States Code, Section 922(a)(1)(A).

b. To knowingly possess firearms, specifically firearm silencers, which were not registered to the defendants in the National Firearms Registration and Transfer Record, as required by law, in violation of Title 26, United States Code, Section 5861(d);

c. To knowingly and unlawfully transfer firearms, specifically firearm silencers, which were not registered in the National Firearms Registration and Transfer Record, as required by law, in violation of Title 26, United States Code, Sections 5861(e);

d. To willfully and knowingly introduce and attempt to introduce imported merchandise, specifically firearm silencers, into the commerce of the United States by means of materially false and fraudulent invoices, declarations, and other papers, in violation of Title 18, United States Code, Section 542; and

e. To willfully and knowingly export and attempt to export from the United States merchandise, articles, and objects, specifically firearm silencers, contrary to the laws and regulations of the United States, in violation of Title 18, United States Code, Section 554.

## Background

At all times relevant to this Indictment:

### Defendants and Relevant Parties

2. WAYNE HAWKINS was an individual who resided in the Northern District of Georgia. WAYNE HAWKINS owned and operated Hawk Innovative Tech LLC,

2

which was an unlicensed firearms dealer and manufacturer located in Bowdon, Georgia.

3. TIMOTHY HAWKINS was an individual who resided in the Northern District of Georgia. TIMOTHY HAWKINS was employed by Hawk Innovative Tech LLC.

4. THOMAS HAWKINS was an individual who resided in the Northern District of Georgia. THOMAS HAWKINS was employed by Hawk Innovative Tech LLC.

### Firearms Regulatory Framework

5. The Gun Control Act defines a "firearm silencer" or "firearm muffler" as any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts designed or intended for use in assembling or fabricating a firearm silencer. Title 18, United States Code, Section 921(a)(25).

6. The National Firearms Act ("NFA") defines "firearm" to include a silencer. Title 26, United States Code, Section 5845(a).

7. Any firearm regulated under the NFA, including a firearm silencer, must be registered in the National Firearms Registration and Transfer Record. Title 26, United States Code, Sections 5812(a) and 5841.

8. At all times relevant to this conspiracy, any individual who was not a federally licensed manufacturer of firearms and who sought to make a firearm regulated under the NFA, including a firearm silencer, was required, prior to

such manufacture, to apply to the Bureau of Alcohol, Tobacco, Firearms and Explosives and pay a $200 tax.

9. A solvent trap is a firearm accessory intended to prevent cleaning solvents from dripping, spraying, or spattering when pushed out of the muzzle end of a firearm barrel.

### Manner and Means

10. The manner and means by which WAYNE HAWKINS, TIMOTHY HAWKINS, and THOMAS HAWKINS carried out the conspiracy included, among other things, the following:

    a. It was part of the conspiracy that the defendants operated Hawk Innovative Tech LLC, which offered for sale firearm silencers, pre-drilled firearm silencer baffles, and firearm silencer component kits, while falsely and fraudulently marketing those items as "solvent traps," "filters," or firearm cleaning accessories in order to evade the federal firearms regulatory framework.

    b. It was further part of the conspiracy that the website www.hawkinnovativetech.com advertised and offered firearm silencers for sale.

    c. It was further part of the conspiracy that the defendants knowingly failed to obtain required federal licenses, registrations, and approvals relating to the manufacture, possession, transfer, importation, and exportation of firearm silencers.

d. It was further part of the conspiracy that the defendants supported, worked for, and financially benefited from unlawful sales of firearm silencers and silencer parts.

e. It was further part of the conspiracy that the defendants caused shipping documents to falsely describe the contents of the shipments, which actually contained firearm silencers and silencer parts, in order to conceal the true nature of the contents of the shipments in order to evade federal regulation.

11. In furtherance of the conspiracy and to effect its objects, the defendants committed the following overt acts, among others, in the Northern District of Georgia and elsewhere:

a. On or about February 26, 2017, WAYNE HAWKINS filed articles of organization establishing Hawk Innovative Tech LLC as a Georgia limited liability company.

b. On or about May 8, 2017, WAYNE HAWKINS opened a bank account for Hawk Innovative Tech LLC.

c. On or about October 20, 2020, the defendants fulfilled an order for one silencer marketed as an Aluminum B-Size "Solvent Filter/Trap," by shipping and transferring the silencer using the United States Postal Service.

d. On or about November 19, 2020, the defendants fulfilled an order for a firearm silencer marketed as a D-Size "Complete Solvent

5

Trap/Filter Kit," by shipping and transferring the silencer using the United States Postal Service.

e. On or about November 19, 2020, the defendants fulfilled an order for a firearm silencer marketed as a "Rainwater Collection Pre-Filter," by shipping and transferring the silencer using the United States Postal Service.

f. On or about December 1, 2020, the defendants responded to an email inquiry referencing "the chamber" and "rimfire holes," which are common terms that would reference using the device sold by Hawk Innovative as a firearms silencer.

g. On or about February 10, 2021, the defendants attempted to export 17 firearm silencers in three different packages to Canada without obtaining the required license.

h. On or about April 10, 2021, the defendants fulfilled an order for a firearm silencer marketed as a "Hybrid D-Size Particulate Filter," by shipping and transferring the silencer using the United States Postal Service.

i. On or about April 14, 2021, the defendants possessed firearm silencers and firearm silencer parts which were seized from 1400 Indian Creek Road, Bowdon, Georgia.

All in violation of Title 18, United States Code, Section 371.

### Count Two
### (Engaging in the Business of Dealing in Firearms
### Without a License-18 U.S.C. §§ 922(a)(1)(A) and 2)

12. The factual allegations contained in paragraphs 2 through 11 of this Indictment are re-alleged and incorporated as if fully set forth herein.

13. From in or about 2017, and continuing through on or about April 14, 2021, in the Northern District of Georgia, and elsewhere, the defendants, WAYNE HAWKINS, TIMOTHY HAWKINS, and THOMAS HAWKINS, aided and abetted by one another, and others known and unknown to the Grand Jury, did willfully engage in the business of dealing in firearms, specifically firearm silencers, without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

### Count Three
### (Conspiracy to Commit Mail and Wire Fraud-18 U.S.C. § 1349)

14. The factual allegations contained in paragraphs 2 through 11 of this Indictment are re-alleged and incorporated as if fully set forth herein.

15. Beginning on a date unknown to the Grand Jury, but from at least in or about 2017, and continuing through on or about April 14, 2021, in the Northern District of Georgia and elsewhere, the defendants, WAYNE HAWKINS, TIMOTHY HAWKINS, and THOMAS HAWKINS, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with one other and others known and unknown to the Grand Jury, to commit offenses against the United States, including the following:

    a.  to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially

false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing such scheme and artifice to defraud, to knowingly deposit and cause to be deposited items to be sent and delivered by United States mail and by private and commercial interstate carrier, in violation of Title 18, United States Code, Section 1341; and,

b.  to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, and for the purpose of executing such scheme and artifice to defraud, to cause wire communications to be made in interstate commerce, in violation of Title 18, United States Code, Section 1343.

**Purpose and Object of the Conspiracy**

16.  The purpose and object of the conspiracy was for WAYNE HAWKINS, TIMOTHY HAWKINS, and THOMAS HAWKINS, and others known and unknown to the Grand Jury, to unlawfully enrich themselves by knowingly manufacturing firearm silencers and by devising and executing a scheme to defraud the United States, including by avoiding the payment of the required $200 tax for each silencer.

8

### Manner and Means

17. The manner and means by which WAYNE HAWKINS, TIMOTHY HAWKINS, and THOMAS HAWKINS sought to accomplish the objects of the conspiracy included, among other things, the following:

    a.  The defendants caused Hawk Innovative Tech LLC to operate and maintain a commercial website, www.hawkinnovativetech.com, through which they offered for sale firearm silencers, pre-drilled firearm silencer baffles, and complete firearm silencer component kits, while falsely marketing and describing those items as "solvent traps," "filters," or "cleaning kits."

    b.  It was further part of the conspiracy that the defendants structured their business operations and sales practices to avoid triggering scrutiny from federal regulators, including by mislabeling products, using misleading product descriptions, and avoiding truthful disclosures regarding the true nature, intended use, and regulatory status of the items sold.

    c.  It was further part of the conspiracy that the defendants used and caused the use of interstate wire communications, including emails, online purchase platforms, and electronic payment processing systems, to communicate with customers, accept orders, process payments, and provide shipping confirmations.

    d.  It was further part of the conspiracy that the defendants used and caused the use of the United States Postal Service and private and

commercial interstate carriers to ship firearm silencers and firearm silencer parts, while misrepresenting and omitting the true contents of packages, and while failing to disclose that the shipped items were regulated firearms.

e.  It was further part of the conspiracy that the defendants knowingly evaded the $200 tax for each silencer manufactured, thereby retaining proceeds that would otherwise have been paid to the United States, and furthering the scheme to defraud.

f.  It was further part of the conspiracy that the defendants imported and caused to be imported firearm silencers and firearm silencer parts from the People's Republic of China, with shipping documents and customs forms that misdescribed the nature of the merchandise.

g.  It was further part of the conspiracy that the defendants exported and caused the exportation of firearm silencers to Canada, without obtaining required export licenses, and while omitting material information from export documentation concerning the nature and classification of the items exported.

h.  It was further part of the conspiracy that the defendants financially benefited from the scheme by receiving proceeds from the unlawful sales of firearm silencers and parts, and that they used interstate wires, the United States Postal Service, and private and commercial interstate carriers to receive and transfer those proceeds.

All in violation of Title 18, United States Code, Section 1349.

10

### Forfeiture Provision

18. Upon conviction of one or more of the offenses alleged in Count One (conspiracy to violate Title 18, United States Code, Section 922(a)(1)(A) or Title 26, United States Code, Sections 5861(d), 5861(e), in violation of Title 18, United States Code, Section 371) and Count Two of this Indictment, the defendants, WAYNE HAWKINS, TIMOTHY HAWKINS, and THOMAS HAWKINS, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offense.

19. Upon conviction of one or more of the offenses alleged in Count One (conspiracy to violate Title 18, United States Code, Sections 542 and 554, in violation of Title 18, United States Code, Section 371) and Count Three of this Indictment, the defendants, WAYNE HAWKINS, TIMOTHY HAWKINS, and THOMAS HAWKINS, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting, or derived from, proceeds traceable to the offense, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Three of this Indictment.

21. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

A _____ True _____ BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

JEFFREY A. BROWN
*Assistant United States Attorney*
Georgia Bar No. 088131

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181